UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHESTER E. CROMWELL., <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL UNION, <br> THE UNITED STEEL WORKERS, <br> AFL, CIO, CLC, LOCAL 8713 <br><br> Defendants. | CIVIL NO:   468/2007 <br> DC 2007-141 <br><br> **ACTION FOR BREACH OF FIDUCIARY DUTY** <br><br> **JURY TRIAL DEMANDED** |

## PETITION FOR REMOVAL

COMES NOW the PETITIONER, THE UNITED STEELWORKERS OF AMERICA UNION (USWA), by and through undersigned counsel, Michael Sanford, and having had suit filed against it in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, by PLAINTIFF, CHESTER E. CROMWELL (CROMWELL), for violation of the duty of fair representation, PETITIONS for REMOVAL, pursuant to 28 U.S.C.A. §1446, and states:

1. On October 11, 2007 CROMWELL, a USWA member, employee at the Virgin Islands Telephone Corporation, d/b/a Innovative Telephone (Innovative), and member of the Innovative bargaining unit, filed suit against defendant USWA, petitioner in this proceeding, in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, alleging that the USWA breached its duty of fair representation. Specifically, CROMWELL complains that the USWA refused to take CROMWELL'S grievance to a "third step" and refused to take CROMWELL'S grievance to arbitration. Copies of the Complaint and Summons are filed with this Petition. (**Exhibit A**).

THE LAW OFFICES OF
MICHAEL SANFORD
2191 CHURCH STREET
CHRISTIANSTED, ST. CROIX
VIRGIN ISLANDS 00820-4601
340-773-3681
FAX. 340-778-6104

2. Plaintiff's complaint is based on the Petitioner's duty of fair representation arising out of the existence of a collective bargaining agreement between the Plaintiff and Innovative. The Complaint specifically charges "That pursuant to the collective bargaining agreement Defendant Union is obligated to its union members to timely and fairly assist its members in processing grievances." (See paragraph 14 of Complaint, in **Exhibit A** attached)

3. Petitioner USWA is a labor union under the National Labor Relations Act and, pursuant to a collective bargaining agreement (CBA) currently in force between Petitioner and Innovative, is the exclusive bargaining agent for all clerical, maintenance, installation and non-supervisory employees of the company, including traffic operators, linemen, janitors, messengers, and others defined in Exhibits A and A-2 to the CBA.

4. Plaintiff's complaint alleges, inter alia, that Plaintiff is a USWA union member and is employed by Innovative.

5. Plaintiff's complaint alleges, inter alia, that Petitioner USWA is the bargaining agent for the Plaintiff and other employees at Innovative.

6. Plaintiff's complaint alleges, inter alia, that Petitioner USWA breached its duty of fair representation to the Plaintiff by refusing to take CROMWELL'S grievance to a "third step" and refusing to take CROMWELL'S grievance to arbitration.

7. The above-entitled action is therefore a suit for violation of a duty, indeed the only legal duty, owed by a labor union under the National Labor Relations Act to its members, the duty of fair representation. Federal law defines a union's duty of fair representation. Where a complaint alleges the union breached a duty to employees, which duty only arises pursuant to the union's status as the employees' collective bargaining agreement, the duty is completely defined by the federal law of fair representation. *Wilkes-Barre Publishing*

<em>Co. v. Newspaper Guild of Wilkes-Barre, Local 120, et al.</em>, 647 F. 2d 372 (3d Cir. 1981); <em>Nedd v. United Mine Workers of America</em>, 400 F.2d 103 (3rd Cir.1968); <em>Vaca v. Sipes</em>, 1967, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; <em>Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists</em>, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). See also <em>Richardson v. United Steelworkers of America</em>, 864 F. 2d 1162 (5th Cir. 1989) and <em>Smith v. Local No. 25, Sheet Metal Workers</em>, 500 F. 2d 741 (5th Cir. 1974).

8. This Court has original jurisdiction of the above-entitled action under 28 U.S.C.A. §1337 (any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies); 28 U.S.C.A. §1331 (original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), and 29 U.S.C.A. §185,[1] the National Labor Relations Act, and 29 U.S.C.A. §301.

9. Removal of the above-entitled action to this Court is therefore proper pursuant to 28 U.S.C.A. §1441(a)[2].

---

[1] 29 U.S.C.A. § 185 Suits by and against labor organizations
(b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments
Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. ...
(c) Jurisdiction
For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

[2] 28 USCA §1441(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

WHEREFORE, petitioner requests that the above-entitled action be removed from the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, to this Court.

Respectfully submitted,

**The Law Offices of Michael Sanford**
2191 Church Street, Christiansted, VI 00820
TEL. (340) 773-3681 FAX (340) 778-8104

DATED: November 19, 2007       By: _____
MICHAEL J. SANFORD
Attorney for The United Steel Workers

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of November 2007, I caused a true and exact copy of the foregoing *Petition for Removal* to be mailed via US Postal Service to

Bernard VanSluytman, Esq.
P.O. Box 6878
No. 1  4th Street
Sugar Estate, St. Thomas, VI 00804