IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHESTER E. CROMWELL, | ) | CIVIL NO. 1168 /2007 |
| Plaintiff, | ) | |
| Vs | ) | ACTION FOR BREACH OF FIDUCIARY DUTY |
| INTERNATIONAL UNION, THE UNITED STEELWORKERS, AFL-CIO-CLC, LOCAL 8713, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Chester E. Cromwell, by and through undersigned counsel, and for his Complaint against Defendant International Union, The United Steelworkers, AFL-CIO-CLC, Local 8713 ( hereinafter "Union") and says:

1. That Plaintiff Cromwell is an adult resident of St. Thomas, Virgin Islands.

2. That Defendant Union is a St. Thomas union representative and the collective bargaining agent for union employees of the Virgin Islands Telephone Corporation, d/b/a Innovative Telephone ( hereinafter "Innovative"), a Virgin Islands public utility.

3. That at all times material hereto Plaintiff was a union employee of Innovative and a dues paying member in good standing of said the Union, the duly elected collective bargaining agent.

4. That at all times material hereto the conduct and omissions alleged herein occurred in St. Thomas. This Honorable Court has jurisdiction of this action pursuant to 4 VIC §76.

Law Offices Michael Sanford
RECEIVED
OCT 11 2007
Entered

EXHIBIT A

Chester Cromwell vs. International Union, United Steelworkers
Civil No. _____ /2007
Complaint
Page Two

## CAUSE OF ACTION

5. That Plaintiff restates and realleges each and every allegation set forth at Paragraphs 1 through 4 as though set forth here anew.

6. That Plaintiff is an employee of Innovative and has been so employed since 1999.

7. That in 2001 Plaintiff came under the supervision of a new person employed by Innovative. Thereafter Plaintiff and the new Supervisor had differences of opinion with respect to Plaintiff's dress and the Supervisor referring to him, Plaintiff, by his employee number as opposed to Plaintiff's name. These differences came to a head in 2005.

8. That in August 11, 2005 Plaintiff was ordered suspended for two days for alleged insubordination. Again on August 17, 2005 Plaintiff was again ordered suspended for three days. Then on January 3, 2006 Plaintiff was again suspended, this time for ten days pending investigation as a result of alleged insubordination in December 2005.

9. That the suspension of January 3, 2006 was confirmed on January 13, 2006. Plaintiff timely made demand upon the Defendant to pursue his grievance in the third step. The Defendant refused to pursue the grievance. A grievance in the third step was never had.

10. That Plaintiff also sought to arbitrate the decision of Innovative to suspend him. However, Defendant Union, by its Staff representative, failed and refused to take Plaintiff's grievance to Arbitration.

Chester Cromwell vs. International Union, United Steelworkers
Civil No. _____ /2007
Complaint
Page Three

11. That on February 5, 2006 Plaintiff, in writing, advised Defendant Union, stateside and locally, of the Union's continuing failure to represent him in his grievances.

12. That the collective bargaining agreement between Defendant Union and Innovative sets forth in writing the grievance process and time sequence for hearing grievances. Pursuant to the grievance process agreed upon, there is a three step procedure. The period of time for the determining grievances at step one is two days; ten days at step two, and step three, ten days but no more than twenty. It is specifically stated as part of the grievance process that grievances be handled "promptly".

13. That through no fault of Plaintiff, his grievance in the third step for suspensions ordered in August 2005, was not heard until May 2006. At that hearing Plaintiff's suspensions were upheld. Thereafter Defendant Union, by letter of June 2, 2006, refused to take the grievance to arbitration.

14. That pursuant to the collective bargaining agreement Defendant Union is obligated to its union members to timely and fairly assist its members in processing grievances.

15. That Defendant has a fiduciary relationship to its members, and Plaintiff herein in particular, to honor its obligations under the collective bargaining agreement.

16. That Defendant has breached its fiduciary obligations to Plaintiff. As such Plaintiff is entitled to an award of damages, both compensatory and punitive for its intentional and deliberate refusal to timely grieve Plaintiff's grievances with Innovative.

Chester Cromwell vs. International Union, United Steelworkers
Civil No. _____/2007
Complaint
Page Four

17. That at each suspension referred to hereinabove Plaintiff lost earnings from his employment. The pattern and practice of Defendant Union's failure or refusal to timely assist Plaintiff in his third step grievances resulted in monetary losses to him. In fact Plaintiff never had a third step hearing for his January 3, 2006 ten (10) day suspension.

WHEREFORE Plaintiff Chester E. Cromwell respectfully demands judgment in his favor against Defendant Union awarding compensatory damages and punitive damages, costs of this action including reasonable attorney's fees, and such other and further relief as to the Honorable Court is deemed just and reasonable.

Date: August 3/, 2007

BERNARD M. VanSLUYTMAN, ESQ.
No. 1401 Fourth St., Estate Thomas
P.O. Box 6878
St. Thomas, VI 00804
Tel: 340-776-2688
Fax: 340-777-8597

SUMMONS                                    (CIVIL- DUPLICATE)

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| CHESTER E. CROMWELL | ) ST. CIVIL NO. 468 -2007 |
| | ) |
| | ) ACTION FOR |
| vs                Plaintiff, | ) BREACH OF FIDUCIARY DUTY |
| | ) |
| INTERNATIONAL UNION, | ) JURY TRIAL DEMAND |
| THE UNITED STEELWORKERS | ) |
| AFL-CIO-CLC, LOCAL 8713 | ) |
| Defendant. | ) |

TO: INTERNATIONAL UNION, THE UNITED STEELWORKERS, AFL-CIO-CLC

LOCAL 8713

ADDRESS: St. Thomas, VI

Within the time limited by law (see note below) you are hereby required to appear before the Court and answer to a complaint filed against you in this action. In case of your failure to appear or answer, judgment by default will be taken against you as demanded in the petition for ACTION FOR BREACH OF FIDUCIARY DUTY.

Witness my hand and the Seal of this Court this 14th day of September, 2007.

_____                    _____ Clerk of the Court
(Attorney for Plaintiff)                        By _____ Deputy
BERNARD M. VANSLUYTMAN
Address:
  No. 1401 Fourth Street, Estate Thomas
  P.O. Box 6878
  St. Thomas, USVI 00804

NOTE: The defendant, if served personally, is required to file his/her answer or other defense with the Administrator/Clerk of this Court, and to serve a copy thereof upon the plaintiff's attorney within twenty (20) days after service of this summons, excluding the date of service. If served by publication or by personal service outside of the jurisdiction the defendant is required to file his/her answer or other defense with the Clerk of this Court, and to serve a copy thereof upon the attorney for the plaintiff within (30) days after the completion of the period of publication of personal service outside of the jurisdiction.

Law Offices Michael Sanford
RECEIVED
OCT 1 1 2007
Entered _____