FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| CHESTER E. CROMWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL UNION, THE UNITED ) <br> STEELWORKERS, AFL-CIO-CLC, Local ) <br> 8713, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 2007-141 |

ATTORNEYS:

**Bernard M. Vansluytman, Esq.**
St. Thomas, U.S.V.I.
 *For the plaintiff.*

**Michael J. Sanford, Esq.**
St. Croix, U.S.V.I.
 *For the defendants.*

## MEMORANDUM OPINION

GÓMEZ, C.J.

Before the Court is the motion of the defendants, International Union, The United Steelworkers, AFL-CIO-CLC, Local 8713 (together, the "Union")[1], to dismiss the complaint in this matter.

---

[1] The complaint caption reads differently from how the Union refers to itself. For now, the Court refers to the Union as the complaint does.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Chester Cromwell is a resident of St. Thomas, U.S. Virgin Islands.[2] The Union is the collective bargaining agent for union employees of the Virgin Islands Telephone Corporation d/b/a Innovative Telephone ("Vitelco"), a Virgin Islands public utility. Cromwell has been a Vitelco employee since 1999 and, at all times relevant, has been a member in good standing of the Union.

In August 2005, Cromwell was suspended for two days for insubordination. Five days later, he was suspended for an additional three days for insubordination. In January 2006, he was suspended for ten more days pending an investigation of alleged insubordination in December 2005. Cromwell filed a grievance with the Union as a result of these suspensions. The Union did not act on the grievance. In February 2006, Cromwell sent a letter to the Union detailing its failure to act on his grievance.

According to Cromwell, the Union's collective bargaining agreement ("CBA") with Vitelco sets forth a three-step process

---

[2] Because the Union's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint are taken as true. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

for addressing employee grievances and requires that grievances be addressed promptly. He alleges that the Union has failed to abide by the CBA and, in doing so, has breached its fiduciary duty to him.

In September 2007, Cromwell commenced this lawsuit in the Superior Court of the Virgin Islands, alleging a breach of the CBA.[3] In November 2007, the Union removed this lawsuit to this Court.

The record reflects that the parties met with the magistrate judge in February, March and April 2008. The minute order issued at the conclusion of the April 2008 meeting indicates that administrative dismissal was being contemplated. (*See* Minute Order, Apr. 2, 2008) ("Plaintiff will produce the supporting documents by May 1, 2008 failing which the matter will be administratively dismissed."). That minute order also indicated that the parties would meet again with the magistrate judge on May 5, 2008. The record does not reflect that such a meeting occurred. In May 2008, the magistrate judge administratively dismissed this matter, stating that Cromwell had "failed to perfect his appeal of the National Labor Relations Board determination of June 28, 2006, and . . . failed to file further

---

[3] The complaint does not set forth different counts. It appears to assert only one count: breach of the duty of fair representation.

supporting documentation in accordance with this court's order of April 2, 2008. (Order, May 6, 2008.)

In September 2008, Cromwell filed a "Motion for Relief from Judgment," asserting that he had in fact complied with the magistrate judge's April 2008 minute order. He asked for the matter to be reopened. The Union opposed the motion. In January 2009, the magistrate judge granted Cromwell's motion and reopened this matter, stating that "the supporting documents have been filed with the Court." (Order, Jan. 30, 2009.)

The Union now moves to dismiss Cromwell's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Cromwell filed an untimely opposition.[4] The Court heard argument on the motion on

---

[4] The Union's motion was filed on May 14, 2009. The Local Rules of Civil Procedure required Cromwell to file his opposition no later than twenty days from that date. *See* LRCi 12.1(b) (2009). Cromwell filed his opposition on June 17, 2009, well beyond Local Rule 12.1's twenty-day allotment. The parties did not negotiate an extension and Cromwell never asked the Court for one. On June 22, 2009, the Court ordered Cromwell to show cause why his opposition should not be disregarded for his failure to follow the rules of procedure. Cromwell timely complied with that order. He asserts that after the Union filed its motion to dismiss, the Court issued a trial management order that superseded any previous scheduling order issued in this matter and that set March 2010 as the deadline for filing dispositive motions. Cromwell further asserts that he "unwisely and mistakenly, but not with the intent to disregard the Rules of the Court," believed that his opposition to the motion was due at some later date in light of the trial management order.

Cromwell's explanation is not entirely satisfactory. The trial management order in no way suggests that Cromwell's obligation to respond to the Union's motion was suspended. Given

July 24, 2009.

## II. **DISCUSSION**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).  A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted).

---

the circumstances, however, the Court will not disregard Cromwell's opposition.  The Court reminds Cromwell, however, of his obligation to comply strictly with the Court's orders and the rules of procedure and to seek clarification if need be.

Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting (quoting *Bell Atlantic Corp.*, 550 U.S. at 570); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) ("To survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Bell Atlantic Corp.*, 550 U.S. at 555)).

### III. <u>ANALYSIS</u>

The Union's attack on the complaint is manifold. First, the Union asserts that Cromwell has failed to adequately allege a claim based on a breach of the duty of fair representation. In its notice of removal and moving papers, the Union characterizes Cromwell's claim as arising under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Although Cromwell makes no mention of the LMRA in his complaint, his allegations, properly construed, seek to assert a § 301 claim.[5]

---

[5] § 301 provides, in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in

A union is statutorily charged with representing all members of the appropriate bargaining unit fairly. *See Humphrey v. Moore*, 375 U.S. 335, 342 (1964); *Findley v. Jones Motor Freight, Div. Allegheny Corp.*, 639 F.2d 953, 955 (3d Cir. 1981) ("A union must provide its members with fair representation in resolving differences with employers."). "The scope of the duty of fair representation is commensurate with the scope of the union's statutory authority as the exclusive bargaining agent. Accordingly, a member of the bargaining unit has a cause of action against the union for breach of that duty." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 312 (3d Cir. 2004) (citing *Vaca v. Sipes*, 386 U.S. 171, 186 (1967)).

A union breaches its duty of fair representation if its conduct is "arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998). A union, however, "has broad discretion in its decision whether and how to pursue an employee's grievance against an employer." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567-68 (1990). A breach arises where the union's conduct "can be fairly

---

    any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

characterized as so far outside a wide range of reasonableness that it is wholly irrational or arbitrary." *Marquez*, 525 U.S. at 45 (internal quotation marks and citations omitted). It is not enough that the union may have exercised poor judgment or exhibited negligence. *Bazarte v. United Transportation Union*, 429 F.2d 868, 872 (3d Cir. 1980).

Here, Cromwell alleges that he was suspended from work on various occasions and sought to arbitrate the suspension decisions. With respect to the Union's conduct, Cromwell alleges as follows:

> [The Union] failed and refused to take Plaintiff's grievance to Arbitration.
>
> [O]n February 5, 2006 Plaintiff, in writing, advised [the] Union, stateside and locally, of the Union's continuing failure to represent him in his grievances.
>
> . . . .
>
> [The] Union, by letter of June 2, 2006, refused to take the grievance to arbitration.
>
> [The Union] has breached its fiduciary obligations to Plaintiff. As such Plaintiff is entitled to an award of damages . . . for [the Union's] intentional and deliberate refusal to timely grieve Plaintiff's grievances with [Vitelco].

(Compl. ¶ 10-11, 13, 16.)

Cromwell filed his complaint well before the Supreme Court rendered its decision in *Ashcroft v. Iqbal* in May 2009. In

*Iqbal*, the Court explained the appropriate pleading standards under the Federal Rules of Civil Procedure:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief*.

*Iqbal*, 129 S. Ct. at 1949-50 (emphasis supplied) (other alterations, quotation marks and citations omitted).

The Court is mindful that "[a]n overly restrictive reading of a complaint is inconsistent with the mandate that pleadings shall be so construed as to do substantial justice." *Starks v. Perloff Bros.*, 760 F.2d 52, 55 (3d Cir. 1985) (quotation marks and citation omitted). Here, however, Cromwell's repeated, conclusory allegations that the Union consistently refused to arbitrate his claim are untethered to any specific facts whatever on the basis of which to infer that the Union acted in bad faith or arbitrarily, as required for a claim of breach of the duty of

fair representation. Indeed, Cromwell's complaint does not even explicitly characterize the Union's conduct as being in bad faith or arbitrary. For these reasons, the Court finds that Cromwell has failed to state claim for breach of the duty of fair representation against the Union. *See*, *e.g.*, *Dennis v. Local 804, L.B.T. Union*, No. 07-9754, 2009 U.S. Dist. LEXIS 44817, at *18-19 (S.D.N.Y. May 27, 2009) (granting a motion to dismiss a duty of fair representation claim where the plaintiff's allegations were "insufficient . . . to show the Union's actions were arbitrary, discriminatory, or in bad faith" because they were "merely conclusory allegations or legal conclusions masquerading as factual conclusions" (alteration, quotation marks and citation omitted)); *cf. Starks*, 760 F.2d at 54-55 (holding that "the district court committed legal error in dismissing plaintiffs' section 301 claims for failure to allege bad faith" where "bad faith [was] implicit in the[] allegations" that the union "conspired to violate their rights under the collective bargaining agreement, deliberately misinformed them of steps being taken to preserve their rights, and failed to present the true factual situation to the Teamsters Joint Council No. 53"); *Ferguson v. Local 689, Amalgamated Transit Union*, No. 08-1030, 2009 U.S. Dist. LEXIS 51878, at *19-20 (D.D.C. June 19, 2009) (denying a motion to dismiss a section 301 claim where the

plaintiff alleged "that the union failed to thoroughly investigate her accident, failed to contact witnesses to the accident, and requested arbitration of the grievance protesting her discharge in an untimely fashion[,]" because "the[se] facts would appear to demonstrate that [the union] did act in a 'discriminatory, dishonest, arbitrary, or perfunctory fashion' in representing [the plaintiff] during the grievance process").

## IV. CONCLUSION

In accordance with this circuit's precedent, the Court will give Cromwell an opportunity to amend his complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)). The motion to dismiss will be denied without prejudice.[6] An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**

---

[6] Given this disposition, at this point the Court need not address the Union's other challenges to the complaint.