DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| CHESTER E. CROMWELL,<br><br>   Plaintiff,<br><br>v.<br><br>INTERNATIONAL UNION, THE UNITED STEELWORKERS, AFL-CIO-CLC, Local 8713,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 2007-141 |

**ATTORNEYS:**

**Bernard M. Vansluytman, Esq.**
St. Thomas, U.S.V.I.
 *For the plaintiff.*

**Michael J. Sanford, Esq.**
St. Croix, U.S.V.I.
 *For the defendants.*

### MEMORANDUM OPINION

Before the Court is the motion by the Defendants, United Steelworkers of America, AFL-CIO-CLC ("USW") and United Steelworkers of America Local Union No. 8713 (Local 8713)(together "the Union"), to dismiss[1] this matter.

---

[1] The Defendants have filed a pleading styled as a "request for ruling on motion to dismiss." They assert that they made several arguments in a motion to dismiss filed on May 14, 2009.
 The Court granted that motion after finding that Cromwell failed to state a breach of duty of fair representation claim. At the same time, the Court granted Cromwell leave to amend his complaint and noted that "given this disposition, at this point the Court need not address the Union's other challenges to the complaint." (Mem. Op. 11.) Thus as of August 10, 2009, there was no pending motion to dismiss. Thereafter, Cromwell filed an amended complaint. No new motion to dismiss with respect to the amended complaint was filed. Notwithstanding that, it is apparent from the "motion for request for

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 2
Memorandum Opinion

## I. FACTUAL AND PROCEDURAL BACKGROUND

Chester Cromwell ("Cromwell") is a resident of St. Thomas, U.S. Virgin Islands.[2] The Union is the collective bargaining agent for union employees of the Virgin Islands Telephone Corporation d/b/a Innovative Telephone ("Vitelco"), a Virgin Islands public utility. Cromwell was a Vitelco employee at all times material, and was a member in good standing of the Union.

In August 2005, Cromwell was suspended for two days for insubordination. Five days later, he was suspended for an additional three days for insubordination. In January 2006, he was suspended for ten more days pending an investigation of alleged insubordination in December 2005. Cromwell filed a grievance with the Union as a result of these suspensions. The Union did not act on the grievance. In February 2006, Cromwell sent a letter to the Union detailing its failure to act on his

---

ruling" that the Defendants seek to renew their unaddressed grounds for dismissal. Rather than elevate form over substance, the Court will construe the motion for request for ruling as a renewed motion to dismiss on the grounds asserted in its original motion to dismiss but not addressed in the Court's ruling. The Court notes that the legal basis for dismissal was unaffected by the filing of the amended complaint. In his amendment, Cromwell did not assert new claims but merely attempted to properly plead a breach of duty of fair representation. The Court also notes that the Plaintiff has had an opportunity to file an opposition to the original motion to dismiss and to the filing that the Court now construes as a renewed motion to dismiss.

[2] Because the Union's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint are taken as true. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 3
Memorandum Opinion

grievance.

According to Cromwell, the Union's collective bargaining agreement ("CBA") with Vitelco sets forth a three-step process for addressing employee grievances and requires that grievances be addressed promptly. He alleges that the Union has failed to abide by the CBA and, in doing so, has breached its fiduciary duty[3] to him.

In September 2007, Cromwell commenced this lawsuit in the Superior Court of the Virgin Islands, alleging a breach of the CBA. In November 2007, the Union removed this lawsuit to this Court.

Thereafter, the Defendants moved to dismiss Cromwell's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court granted the Defendants' motion but gave leave to Cromwell to amend his Complaint.

On August 24, 2009, Cromwell filed two amended complaints. He filed the first captioned "Amended Complaint." Without obtaining leave from the Court, he then filed another amended

---

[3] Cromwell's claim that the Union breached its fiduciary duty is in essence a breach of duty of fair representation claim. *See Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1988)(noting that the necessary elements of a duty of fair representation claim are that the union's conduct was "arbitrary, discriminatory, or in bad faith" and that there was a causal link between the plaintiff's injury and union's behavior); *Cf. Nicol v. United Steelworkers of Am.*, 331 Fed. Appx. 909 (3d Cir. 2009)("Though [plaintiffs] make much use of the terms 'fraud' and 'breach of fiduciary duty' under state law, their complaint raises quintessential claims of breach of fair representation.")

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 4
Memorandum Opinion

pleading that afternoon captioned "Second Amended Complaint." Though Cromwell should have properly sought leave prior to filing his second amendment, "some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change." *Straub v. Desa, Indus. Inc.*, 88 F.R.D. 6, 8 (M.D. Pa. 1980). This practice is in accord with "the overall liberal amendment policies of Rule 15(a)." *Id.*

The Court finds that Cromwell would have been granted leave for the second amendment to his complaint had he so requested it. Additionally, the Defendants would not be substantially prejudiced. Indeed, they have operated as if the Second Amended Complaint constitutes the operative complaint in this suit. *See* Defs.' Mot. to Strike Second Am. Compl. 2. ("While Plaintiff was not given leave of the court to file two amended complaints the union defendants will treat the Amended Complaint as having been withdrawn and will refer its arguments to the Second Amended Complaint.")  As such, the Court will grant Cromwell leave *nunc pro tunc* to August 24, 2009 to file the Second Amended Complaint and will treat that pleading as the operative complaint.

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 5
Memorandum Opinion

The Defendants renewed their motion to dismiss[4] this action, asserting that Cromwell's claim is time-barred.

With respect to the issue of whether Cromwell's claim is time-barred, the Court ordered briefing addressing the impact of two cases, *Brenner v. Local 514*, 927 F.2d 1283 (3d Cir. 1991) and *Bullock v. Dressel*, 435 F.3d 294 (3d Cir. 2006, on the applicable statute of limitations in this matter.

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable

---

[4] In their renewed motion, the defendants also assert that the complaint should be dismissed because Cromwell failed to join an indispensable party, namely, Innovative. In that respect, the defendants argument is essentially that without alleging a breach by Innovative, Cromwell is precluded from bringing a § 301 claim against the Union. However, his contention is without basis. The Court of Appeals for the Third Circuit has explicitly noted that though such claims are often brought together in the form of a "hybrid" claim, "[a] plaintiff who has a viable 'hybrid' claim against both the employer and the union may opt to bring only the section 301 claim against the employer or the breach of duty of fair representation claim against the union." *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993).

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 6
Memorandum Opinion

legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965). Courts may consider the allegations of the complaint, exhibits attached thereto, and matters of public record when deciding a motion to dismiss. *Rivera v. Algarin*, 350 Fed. Appx. 703, 707 (3d Cir. 2009)(unreported)(citing *Pension Benefit Guar. Corp. V. White Consol. Indus. Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993)).

A statute of limitations defense may form the basis of a 12(b)(6) motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 7
Memorandum Opinion

defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994).

### III. ANALYSIS

The Defendants assert that Cromwell's claims are time-barred. In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), the Supreme Court addressed the applicable statute of limitations period for an employee's hybrid claim for breach of a CBA against an employer and breach of duty of fair representation against a Union brought under § 301 of the Labor Management Relations Act. The Court noted that in the absence of a federal statute of limitations expressly applicable to a claim, the customary approach is to borrow the "most closely analogous statute of limitations under state law." 462 U.S. at 158. However, with respect to federal claims for which the state statute of limitations would be an ill-suited "vehicle[] for the enforcement of federal law," courts should instead look to "timeliness rules drawn from federal law-either express limitations periods from related federal statutes, or such alternatives as laches." *Id.* at 162.

In *DelCostello*, the Court drew from § 10(b) of the National

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 8
Memorandum Opinion

Labor Relations Act[5] which provides the limitations period for filing an unfair labor practice charge. The Court held that the six months limitations period provided therein should be applied to a hybrid claim brought pursuant to § 301.

*DelCostello* did not squarely address the appropriate limitations period for a breach of duty of fair representation claim unaccompanied by a breach of CBA claim.

In *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989), the Supreme Court cautioned that the exception to the general rule that Courts borrow from state statutes of limitations, should be "closely circumscribed." There, a union member brought suit against his union because he alleged that it was denying him reimbursement for "time lost" during his performance of his union duties in retaliation for statements he made critical of the union president. He filed his claim pursuant to the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), which protects the freedom of union members to express their views about union matters. In discussing the appropriate statute of

---

[5] Section 10(b) provides in pertinent part: "That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made . . . ." National Labor Relations Act, § 10(b), as amended 29 U.S.C. § 160.

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 9
Memorandum Opinion

limitations, the *Reed* Court drew on language from *DelCostello* that "'in labor law or elsewhere' application of federal statute will be unusual." *Reed*, 488 U.S. at 324 (*quoting DelCostello*, 462 U.S. at 171). The Court found that the extension of the § 10(b) six-month statute of limitations period was inappropriate for the LMRDA free speech claim. The *Reed* Court highlighted that the matter at issue was "an internal union dispute not directly related in any way to collective bargaining or dispute settlement under a collective-bargaining agreement." *Id.* at 629.

In light of *Reed,* the Court of Appeals for the Third Circuit in *Brenner v. Local 514 et al.,* 927 F.2d 1283 (3d Cir. 1991) and *Bullock v. Dressel*, 435 F.3d 294 (3d Cir. 2006) determined that the analogous state statute of limitations, and not § 10(b), should operate as to the breach of duty of fair representation claims presented in those cases.

In *Brenner*, the plaintiffs were members of the Local 514, United Brotherhood of Carpenters and Joiners of America ("Local 514") and their wives. The plaintiffs alleged that the business agent of Local 514 had marked union election ballots so that he could identify who had voted against his preferred candidates. The plaintiffs asserted that following the election, they were discriminated against by the defendant because they had failed to support his candidates. Under its collective bargaining

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 10
Memorandum Opinion

agreement, the union operated a hiring hall list where union members would sign up if they were unemployed. The union would refer members from the hiring hall to new work in the order of its hiring hall list, unless a union member was specifically sought by an employer. The union members alleged that as retaliation for their lack of support for the business agent's candidates, he either failed to refer them for work or gave them undesirable assignments. Thereafter, the plaintiffs filed section 301 claims for the union's breach of its duty of fair representation.

The trial court in *Brenner* employed § 10(b)'s six-month limitations period. The plaintiffs challenged this determination, arguing that the limitations period was more properly governed by the state limitations period of two years for fraud and other personal injury actions. The Third Circuit in *Brenner* clearly noted that the "Supreme Court's message in *Reed* . . . that the interest in the rapid resolution of labor disputes does not outweigh the union member's interest in vindicating his rights, when as, here, a dispute is entirely internal to the union" was not lost on it. *Brenner*, 927 F.2d at 1295. Emphasizing that such an intra-union conflict, "can have no more than an indirect influence on the union's ability to negotiate with those employers who hire carpenters through the hiring hall," the Third

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 11
Memorandum Opinion

Circuit did not find the *DelCostello* justification for using the federal statute of limitations in the NLRA compelling*. Id.*

In *Bullock*, the Third Circuit once again found that a stand-alone section 301 breach of duty of fair representation claim did not fall within *DelCostello'*s exception. At issue in *Bullock*, was the negative response of the union business manager to a letter he received from a group of union members working as "travelers"[6] at the local union Local 164. In that letter, the union members detailed their problems with an employer, Guzzo Electric, and its late payments for a job on which they were working. The business manager reacted by sending a letter to the local business managers affiliated with the members who signed the letter. He warned that if any members quit the Guzzo job, they would never be referred again and he would fax their names and card numbers to sister unions in New Jersey and southern New York. He further instituted a one-month suspension for all traveler members of the union.

The plaintiffs, members of local unions who worked as travelers, brought a section 301 breach of duty of fair representation claim against their local union and the union

---

[6] In the union context, the term travelers may refer to "locals affiliated with [a union] through the international union." *Int'l Ass'n of Bridge, Structural, and Ornamental Ironworkers, AFL-CIO v. NLRB*, 946 F.2d 1264, 1265 (7th Cir. 1991).

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 12
Memorandum Opinion

business manager. The Third Circuit in analyzing the appropriate statute of limitations, found distinct similarities with *Brenner:*

> Here, just as in *Brenner*, appellants only claim that their union violated its DFR by refusing to refer them through its hiring hall and by its other retaliatory actions. Because they assert no claim against Guzzo or any other employer, this case involves a dispute "entirely internal to the union" where the federal "interest in the rapid resolution of labor disputes does not outweigh the union member's interest in vindicating his rights."

*Bullock*, 435 F.3d at 301 (citations and footnote omitted).

Here, Cromwell has not asserted a claim against his employer, Innovative. Although Cromwell's claims attack the Union's representation of him in grievance proceedings, his complaint lacks assertions about the breach of the CBA underlying the grievance proceedings. As in *Brenner* and *Bullock*, the dispute at issue is confined to Cromwell and the Union. Cromwell has failed to establish the requisite link to a breach of the CBA that would warrant an extension of the § 10b limitations period to the instant matter.

Essentially, Cromwell's claim seeks recovery for an injury to his non-contractual right. As such the two-year statute of limitations "for any injury to the person or rights of another not arising on contract and not herein especially enumerated," set forth in V.I. CODE ANN. tit. 5, § 31.

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 13
Memorandum Opinion

In order to determine whether Cromwell's claim falls outside of the limitations period, the Court must examine when his claim began to accrue. "When a union refuses to arbitrate a grievance, or otherwise withdraws representation, the claim arises when the plaintiff knew or should have known the union had elected to proceed no further on his behalf." *Howell v. General Motors Corp.*, 19 Fed. Appx. 163 (6th Cir. 2001)(citation omitted). Additionally, " [e]ven if there has been no explicit notice, the statute of limitations begins to run when 'the futility of further union appeals became apparent or should have become apparent.'" *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990)(quoting *Scott v. Local 863, Int'l Bhd. of Teamsters*, 725 F.2d 226, 229 (3d Cir. 1984)).

Cromwell alleges that the Defendants refused to pursue grievance proceedings related to his suspensions in August 11, 2005, August 17, 2005, and January 3, 2006. Cromwell filed a charge against USW and Local 8713 on January 23, 2006 with the National Labor Relations Board alleging the same failure. (NLRB Charge Against Labor Organization, Ex. 2, Defs.' Mot. to Dismiss.) In light of his filing with the NLRB, Cromwell could be said to have known of Local 8713 and USW's refusal to arbitrate on January 23, 2006. Cromwell's initiation of the instant suit on November 29, 2007, occurred about ten months

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Page 14
Memorandum Opinion

later.  Clearly, the two-year limitations period applicable to his claim represents no bar to his pursuit of this action.  The motion to dismiss this action as time-barred is denied.  An appropriate Order follows.

S_____
**Curtis V. Gómez**
**Chief Judge**