DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| CHESTER E. CROMWELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 2007-141 |
| INTERNATIONAL UNION, THE UNITED STEELWORKERS, AFL-CIO-CLC, Local 8713, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ATTORNEYS:

**Bernard M. Vansluytman, Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiff.*

**Michael J. Sanford, Esq.**
St. Croix, U.S.V.I.
     *For the defendants.*

<u>ORDER</u>

Before the Court is the motion by the Defendants Union Steelworkers of America, AFL-CIO-CLC (USW) and United Steelworkers of America Local Union No. 8713 (Local 8713) (together, the "Union") for reconsideration of the Court's December 6, 2010 Memorandum Opinion and Order.

I. FACTUAL AND PROCEDURAL BACKGROUND

Chester Cromwell ("Cromwell") is a resident of St. Thomas, U.S. Virgin Islands.  The Union is the collective bargaining

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 2

agent for union employees of the Virgin Islands Telephone

Corporation d/b/a Innovative Telephone ("Innovative"), a Virgin

Islands public utility.  Cromwell had been an Innovative employee

since 1999 and, at all times relevant, was a member in good

standing of the Union.

In August 2005, Cromwell was suspended for two days for

insubordination.  Five days later, he was suspended for an

additional three days for insubordination.  In January 2006, he

was suspended for ten more days pending an investigation of

alleged insubordination in December 2005.  Cromwell filed a

grievance with the Union as a result of these suspensions.  The

Union did not act on the grievance.  In February 2006, Cromwell

sent a letter to the Union detailing its failure to act on his

grievance.

According to Cromwell, the Union's collective bargaining

agreement ("CBA") with Innovative sets forth a three-step process

for addressing employee grievances and requires that grievances

be addressed promptly.  He alleges that the Union has failed to

abide by the CBA and, in doing so, has breached its fiduciary

duty to him.

In September 2007, Cromwell commenced this lawsuit in the

Superior Court of the Virgin Islands, alleging a breach of the

CBA. In November 2007, the Union removed this lawsuit to this

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 3

Court.

Thereafter, the Defendants moved to dismiss Cromwell's complaint on several grounds, among them for failure to state a claim upon which relief may be granted. The Court granted the Defendants' motion on 12(b)(6) grounds, but gave leave to Cromwell to amend his Complaint.  Cromwell availed himself of that opportunity, and filed an amended complaint in August of 2009.

The Defendants renewed their motion to dismiss this action asserting that Cromwell's breach of duty of fair representation ("DFR") claim is time-barred.  They argued that the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act[1] applies to his claim.

On December 6, 2010 the Court determined that the appropriate limitations period for Cromwell's DFR claim was the two-year statute of limitations "for any injury to the person or rights of another not arising on contract and not herein especially enumerated," set forth in V.I. Code Ann. tit. 5, § 31. As Cromwell's complaint was filed within two years of his discovery of his injury, the Court denied the Defendants' motion.

---

[1] Section 10(b) provides in pertinent part: "That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made . . . ." National Labor Relations Act, § 10(b), as amended 29 U.S.C. § 160.

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 4

The Defendants now move for reconsideration of the Court's
December 6, 2010 Memorandum Opinion and Order.

Motions for reconsideration are governed by Local Rule of
Civil Procedure 7.3 which provides:

> A party may file a motion asking the Court to
> reconsider its order or decision.  Such motion shall be
> filed within fourteen (14) days after the entry of the
> order or decision unless the time is extended by the
> Court.  Extensions will only be granted for good cause
> shown.  A motion to reconsider shall be based on:
>
>     1. intervening change in controlling law;
>     2. availability of new evidence, or;
>     3. the need to correct clear error or prevent
>     manifest injustice.

LRCi 7.3 (2009); *see also Max's Seafood Café by Lou-Ann,
Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North
River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d
Cir. 1995)).

First, the defendants argue that the Court erred in treating
Cromwell's claim as a breach of duty of fair representation
claim, instead of as a hybrid DFR/Section 301 of the Labor
Management Act (LMRA) ("§ 301") claim.  In the "typical" hybrid
claim, "an employee sues the union for breach of the duty of fair
representation and the employer under § 301 for breach of the
collective bargaining agreement." *Albright v. Virtue*, 273 F.3d
564, 576 (3d Cir. 2001).

Whether the claim is a DFR claim or a hybrid claim is

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 5

significant for limitations purposes. In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), the Supreme Court addressed the applicable statute of limitations period for an employee's hybrid claim for breach of a CBA against an employer brought pursuant to § 301, and for breach of its duty of fair representation against a union. There, the Supreme Court drew from § 10(b) of the National Labor Relations Act and held the six-month limitations provided therein applied to a hybrid claim. The Court did not undertake an analysis of the appropriate limitations period for a breach of duty of fair representation claim, unaccompanied by a claim for breach of the CBA against an employer.

A more particularized determination of the applicable limitations period for an employee's DFR claim has been addressed by our circuit. In addressing such claims in *Brenner v. Local 514 et al.*, 927 F.2d 1283 (3d Cir. 1991), and *Bullock v. Dressel*, 435 F.3d 294 (3d Cir. 2006), the Court of Appeals for the Third Circuit determined that the analogous state statute of limitations, and not § 10(b), were the appropriate source for the statute of limitations for the DFR claims presented.

The Defendants acknowledge that Cromwell's amended complaint does not allege a breach of the CBA by Innovative. However, the

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 6

Defendants contend that "such a breach is certainly implied, as the Unions would have no duty to file a grievance, let alone go to arbitration, if there was no breach of the collective bargaining agreement." (Defs.' Mot. for Reconsideration 3.) Moreover, they argue that the Court erred, in not reading the complaint by inference to have stated a breach of the CBA by Innovative.  They note that at the 12(b)(6) stage, in assessing a complaint, the Court must take all allegations as true and draw all inferences in favor of the plaintiff. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). The Defendants' position is flawed.

While it is true that a court must draw inferences in the claimant's favor, the complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Remarkably, the Defendants suggest that favorable inferences at the 12(b)(6) stage require the Court to find a claim in the complaint that the Plaintiff has neither alleged nor seeks to allege.  The Court is unaware of any authority that supports such an approach. Indeed, while courts must evaluate a complaint consistent with the 12(b)(6) standard, it is not the role of a court to treat the complaint as its canvas, and retouch

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 7

it so that by inference a claim is fashioned that a plaintiff
failed to allege himself.

The Defendants also argue that the Court should construe
Cromwell's claim as a "hybrid" action because "'[t]he case he
must prove is the same whether he sues one, the other or both.'"
(Defs.' Mot. for Reconsideration 4.)(quoting *DelCostello v. Int'l
Bhd. of Teamsters*, 462 U.S. 151, 165 (1983)). The Defendants
assert that in order to prevail on his DFR claim, Cromwell first
will need to establish that Innovative breached the CBA. That is
not necessarily the case.

In order to prove his DFR claim, Cromwell may present
evidence that his dispute with his employer was of a specie that
the Union should have prosecuted a grievance.[2]  However, it is not
necessary that Cromwell prove that he would prevail on the
underlying dispute to establish that the Union was obligated to
present a grievance. Moreover, the Court is unaware of any

---

[2] It is well-settled that the DFR is a by-product of the Union's
authority pursuant to the CBA:

> Only because of its status as a Board-certified bargaining
> representative  and by virtue of the power granted to it by the
> collective-bargaining agreement does a union gain [certain
> authority such as] the ability to refer workers for employment
> through a hiring hall. Together with this authority comes the
> responsibility to exercise it in a nonarbitrary and
> nondiscriminatory fashion, because the members of the bargaining
> unit have entrusted the union with the task of representing them.

*Breininger v. Sheet Metal Workers Inter'l Ass'n Local Union No. 6*, 493 U.S.
67, 88 (1989).

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 8

authority that requires the Court to rule on any underlying
employee/employer dispute as a prerequisite to determining
whether the Union breached its DFR. To the contrary, in proving a
breach of the DFR, a plaintiff must merely demonstrate that the
"union's conduct toward [him] [wa]s arbitrary, discriminatory, or
in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also
Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 67
(1991)(internal quotation omitted)(outlining the circumstances
under which Union action is deemed arbitrary, and noting that
conduct will be considered arbitrary only "if in light of the
factual and legal landscape at the time of the union's action,
the union's behavior is so far outside a wide range of
reasonableness as to be irrational.").[3]

Finally, the Defendants distinguish Cromwell's claim from
the claims presented in *Brenner* and *Bullock*. In those cases, the
Third Circuit determined that the disputes were confined to
unions and their members.  Because Cromwell's DFR claim is linked
to the Union's failure to represent him at grievance proceedings,
the Defendants argue that his dispute extends beyond the ranks of

---

[3] The Court notes that this differs from the evidence that must be
adduced on a hybrid claim. *See Felice v. Sever*, 985 F.2d 1221, 1226 n.5 (3d
Cir. 1993)("In the 'hybrid' suit, the plaintiff will have to prove that the
employer breached the collective bargaining agreement in order to prevail on
the breach of duty of fair representation claim against the union, and vice
versa.").

*Cromwell v. Int'l Union et al.*
Civil No. 2007-141
Order
Page 9

the Union, and is more akin to a hybrid DFR/§ 301 action.  Though

his DFR action may implicate past disputes with Innovative, the

Defendants have failed to point to any continuing, active dispute

between Cromwell and Innovative related to the instant matter.

The Court thus does not find that Innovative is so implicated in

the DFR dispute, that the analysis of *Brenner* and *Bullock* is

inapposite.

In sum, the Defendants have failed to establish any "clear

legal error" in the Court's December 6, 2010 Memorandum Opinion

and Order.  In the absence of their presentation of a valid basis

for reconsideration, the Court will deny their motion.

The premises considered, it is hereby

**ORDERED** that the Defendants' motion for reconsideration is

**DENIED.**


S\_____

**CURTIS V. GÓMEZ**
**Chief Judge**